UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DARON D. ROBINSON,                    )
                                      )
              Petitioner,             )
                                      )
      vs.                             )          Case No. 1:16CV00226 SNLJ
                                      )
UNITED STATES OF AMERICA,             )
                                      )
              Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set

aside or correct sentence by Daron D. Robinson, a person in federal custody. On

July 1, 2015, Robinson pled guilty before this Court to the offense of distribution of

cocaine base, three counts and, on Septemeber 29, 2015, this Court sentenced Robinson

to the Bureau of Prisons for a term of 120 months, the mandatory minimum sentence.

Robinson's § 2255 motion is fully briefed and ripe for disposition.

## I.  FACTS

### A. The Indictment

On April 16, 2015, a Grand Jury in the Eastern District of Missouri, Southeastern

Division,  returned an Indictment against Daron D. Robinson, charging him with three

felony counts of  Distribution of a Controlled Substance, in violation of Title 21, United

States Code, § 841(a)(1).[1]  Doc. # 1. (Case No. 1:15-cr-00057-SNLJ-1.) Robinson was

---

[1] Counts I and II provided that Robinson distributed cocaine base, or "crack" cocaine, while Count III provided that
    he distributed  cocaine, or "powder" cocaine.  None of the three counts involved amounts sufficient to trigger to
    a statutory mandatory minimum sentence.

arrested and made his Initial Appearance before United States Magistrate Judge Abbie Crites-Leoni on May 5, 2015. The Federal Public Defender's office was appointed to represent Robinson, and Assistant Federal Defender Michael Skrien ("AFD Skrien") subsequently filed an Entry of Appearance. Doc. ## 10-11. AFD Skrien appeared on behalf of Robinson at an arraignment on May 7, 2015, where Robinson entered a plea of not guilty to the charges. Doc. # 13. Magistrate Judge Crites-Leoni scheduled a hearing on pretrial motions for June 2, 2015.   Doc. # 15.

### B. Pretrial Motions

On June 8, 2015, AFD Skrien filed a waiver of Robinson's right to file pretrial motions. Doc. # 23.  On June 17, 2015, Robinson appeared before Magistrate Judge Crites-Leoni and waived his right to file pretrial motions in open court. Doc. ## 26-27.

### C. Plea Agreement

On July 1, 2015, Robinson appeared with AFD Skrien and plead guilty to all three counts in the Indictment.   Doc. ## 28-29.   Robinson and the government reached a plea agreement that was reduced to writing, setting out the parties' understandings as to the disposition of the case. Doc. # 29 (Plea Agreement). In the agreement, the parties acknowledged the possibility that Robinson may qualify as a Career Offender under U.S.S.G. § 4B1.1. Pursuant to the agreement, the parties remained free to litigate whether or not Robinson qualified as a Career Offender. Plea Agreement, p. 6. Further, Robinson reserved the right to appeal any sentencing issues. *Id*. This court ordered a Presentence Report and scheduled a sentencing hearing for September 29, 2015.

### D. Presentence Investigation Report

The United States Probation Office prepared the Presentence Report. Doc. ## 30, 32 ("PSR"). The PSR found that Robinson did indeed qualify as a Career Offender pursuant to U.S.S.G. § 4B1.1(a). That section provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "controlled substance offense," in turn, is defined under the sentencing guidelines as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

The PSR identified two qualifying controlled substance offenses serving as Career Offender predicates: (1) a conviction from the Circuit Court of Scott County, Missouri, in Case No. 02CR745171-01, for two counts of sale of a controlled substance; and (2) a conviction from the Circuit Court of Scott County, Missouri, in Case No. 07SO-CR01176-01, for possession of a controlled substance with the intent to distribute. See PSR, ¶¶ 28, 35, and 38. Because Robinson qualified as a Career Offender, the adjusted offense level was determined to be 32. PSR, ¶ 28. After a three level reduction for acceptance of responsibility, the total offense level was found to be 29. PSR, ¶ 31. The

PSR further determined that Robinson's criminal history category was VI. PSR, ¶ 48.[2]

Based on a total offense level of 29 and a criminal history category of VI, the

applicable guideline imprisonment range was determined to be 151-188 months.   PSR, ¶

75.

Neither party filed objections to the PSR.

## E. Sentencing Hearing

Prior to the sentencing hearing, AFD Skrien filed a sentencing memorandum on

behalf of Robinson. See Doc. # 34. In the memorandum, AFD Skrien acknowledged that

the advisory guideline imprisonment range of 151-188 months was correctly calculated.

Although there was no dispute as to the guideline range, AFD Skrien cited a number of

factors which, in his view, supported a sentence below the bottom end of the range. On

September 29, 2015, the parties appeared before this Court for a sentencing hearing.

Robinson was sentenced to concurrent terms of imprisonment of 120 months on

each of the three counts, followed by three years of supervised release. Doc. ## 36-38.

The sentence imposed by this Court was below the bottom end of the applicable guideline

range.

## F. Appeal

Robinson did not appeal his conviction or sentence.

## G. Petition for Post-Conviction Relief Pursuant to § 2255

On August 31, 2016, Robinson filed a motion under 28 U.S.C. § 2255, claiming

---

[2] Pursuant to U.S.S.G. Section 4B1.1(b), the criminal history category for a Career Offender is VI.  Additionally, Robinson had accumulated 18 criminal history points.  Thus, Robinson's criminal history category would have been VI even without the Career Offender enhancement. *See* PSR, ¶ 48.

that the Career Offender enhancement was improperly applied. Robinson's claim is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim alleging ineffective assistance of counsel, the Movant has the burden of proving his or her claims for relief by a preponderance of the evidence. The Supreme Court of the United States set forth the standard to apply in such cases in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Supreme Court held that a Movant must plead and prove two related but independent issues. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S., at 687. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. *Id*.

Regarding the first prong of the *Strickland* test, the proper standard for attorney performance is that of reasonably effective assistance. As the Supreme Court explained, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*., at 687-88. Recognizing the complexity and variety of issues that defense counsel must confront and address in any given case, the Supreme Court refused to adopt a standard that would implement an exhaustive set of detailed guidelines to evaluate attorney performance. Instead, the proper measure of attorney performance is

simply reasonableness under prevailing professional norms. *Id*.   The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland,* 466 U.S., at 689 (citations and internal quotation marks omitted). The Supreme Court further instructed that a reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."   *Id*., at 690.

The second prong of the *Strickland* test requires a Movant to prove that he or she was prejudiced by counsel's deficient performance. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*., at 691. The Supreme Court observed that "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*., at 693. Thus, it is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding.  Rather, the defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ibid.*

In evaluating an ineffectiveness claim, a reviewing court is not required to address both prongs of the *Strickland* test if the defendant makes an insufficient showing on one. As the Supreme Court instructed, a reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." *Id.*, at 697. Thus, if a reviewing court determines the alleged errors would have had no impact on the result of the proceeding, the claim of ineffectiveness must fail.

The Eighth Circuit has described the two-fold *Strickland* test as follows: "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S., at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027 (quoting

7

*Strickland*, 466 U.S., at 688). Counsel's challenged conduct is viewed as of the time of his representation and "we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. Again, a reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S., at 689.

## Need for evidentiary hearing and burden of proof

A motion filed under 28 U.S.C. § 2255 should be denied without an evidentiary hearing when the court records conclusively show that the movant is not entitled to relief. The statute provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a

Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.*, at 225-26. *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995*); Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, would entitle the movant to relief. *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

### III. DISCUSSION

### Introduction

In his motion under 28 U.S.C. § 2255, Robinson raises several allegations of ineffective assistance of counsel related to his classification as a Career Offender under U.S.S.G. § 4B1.1. Robinson's primary complaint is that AFD Skrien rendered ineffective assistance of counsel at his sentencing hearing by failing to object to his status as a Career Offender. More specifically, Robinson maintains that his conviction in Case No. 02CR745171-01 from the Circuit Court of Scott County, Missouri, did not qualify as a

"serious controlled substance offense" because it carried a maximum sentence of less than ten (10) years imprisonment. *See* Motion to Vacate, p. 7-9. Robinson also generally claims that the elements of this particular conviction did not meet the generic definition of a "controlled substance offense" under U.S.S.G. 4B1.1. Id., at 9-10. Robinson further complains that "the only evidence in the record establishing that his two prior 'controlled substance convictions' comes from his PSR, to which he did not object." *Id*., at 10. Robinson proceeds to assert that "a court is precluded from considering the summary of facts provided in the presentence investigation report in order to classify a defendant as a Career Offender." *Id*. Finally, Robinson claims that a jury was required to make a finding beyond a reasonable doubt that he had been convicted of the predicate offenses. *Id*., at 10-14. All of Robinson's claims are without merit.

As discussed more fully below, Robinson did not object to the PSR's determination that he was a Career Offender. Accordingly, it was unnecessary for the government to introduce documentary evidence at the sentencing hearing to establish that he qualified as such. Nonetheless, the government has attached the relevant certified records of Robinson's state court convictions to its Response:

1. "Attachment A" are certified records from the Circuit Court of Scott Count Missouri, in Case No. 02CR745171-01. These records reflect that on February 27, 2003, Robinson pleaded guilty to two counts of an Amended Information. Counts I and II both set forth that Robinson committed the class C felony of sale of a controlled substance, in violation of Mo. Rev. Stat. § 195.211, in that he "sold marijuana, a controlled substance," to a confidential informant. Both of these offenses carried a maximum penalty of seven (7) years imprisonment. Robinson was initially placed on probation. On June 12, 2008, probation was revoked and he was sentenced to serve concurrent seven (7) year sentences in the Missouri Department of Corrections.

2. "Attachment B" are certified records from the Circuit Court of Scott County, Missouri, in Case No. 07SO-CR01176-01. These records reflect that on June 12, 2008, Robinson pleaded guilty to Count II of an Information which set forth that he committed the class B felony of possession of a controlled substance with intent to distribute, in violation of Mo. Rev. Stat. § 195.211. The charging document states that Robinson "with the intent to distribute, possessed over 5 grams of marijuana, a controlled substance, knowing of its presence and nature." This offense carried a maximum penalty of fifteen (15) years imprisonment. Robinson was sentenced to serve ten (10) years in the Missouri Department of Corrections.

A review of these records conclusively establishes that Robinson was properly classified as a Career Offender. AFD Skrien was not ineffective in failing to object to this classification.

## Robinson was properly classified as a Career Offender

**A. There is no requirement under the sentencing guidelines that a "controlled substance offense" must carry a maximum sentence of ten (10) years or more**

Robinson contends that his conviction in Case No. 02CR745171-01 (Attachment A) does not qualify as a Career Offender predicate because the maximum penalty for that offense was seven (7) years imprisonment. Robinson is confusing the requirements of Career Offender predicates under the sentencing guidelines with the requirements of Armed Career Criminal Act (ACCA) predicates under 18 U.S.C. § 924(e). Although these two provisions have some similarities, there are important and critical differences between them. Indeed, the sentencing guidelines expressly caution that there are important distinctions between the two. *See* U.S.S.G. § 4B1.4, cmt. n. 1. *See also United States v. Bynum*, 669 F.3d 880, 886 (8th Cir. 2012) (recognizing that the sentencing guidelines expressly caution that the ACCA's definition of "serious drug offense" is not

identical to the definition of "controlled substance offense" for Career Offender

purposes under § 4B1.2).

One significant difference – and the one relevant here – is that an ACCA predicate

drug conviction must be for an offense having a potential maximum punishment of at

least ten years. However, there is no such requirement to qualify as a Career Offender

under the sentencing guidelines.

The Career Offender guidelines are found at U.S.S.G. § 4B1.1(a). That section

provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years
> old at the time the defendant committed the instant offense of conviction; (2) the
> instant offense of conviction is a felony that is either a crime of violence or a
> controlled substance offense; and (3) the defendant has at least two prior felony
> convictions of either a crime of violence or a controlled substance offense.

The term "controlled substance offense," in turn, is defined under the sentencing

guidelines as:

> an offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that prohibits the manufacture, import, export, distribution, or
> dispensing of a controlled substance (or a counterfeit substance) or the possession
> of a controlled substance (or a counterfeit substance) with intent to manufacture,
> import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (emphasis added).

The Armed Career Criminal Act, on the other hand, provides more stringent

requirements. 18 U.S.C. § 924(e)(1) mandates that a person convicted of violating 18

U.S.C. § 922(g)(1) (felon in possession of a firearm) is subject to an enhanced sentence –

including a mandatory minimum sentence of fifteen years imprisonment - if such person

has three or more convictions for either "violent felonies" or "serious drug offenses." A "serious drug offense" is defined, in relevant part, as a conviction "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Robinson is quite correct that his conviction in Case No. 02CR745171-01 would not qualify as a predicate "serious drug offense" under the ACCA. That particular provision, however, was simply not implicated in his case. Rather, Robinson was classified as a Career Offender under the sentencing guidelines. Again, a "controlled substance offense" pursuant to U.S.S.G. § 4B1.2(b) includes offenses "punishable by imprisonment for a term exceeding one year …." (emphasis added). Robinson's conviction was punishable by up to seven (7) years. AFD Skrien did not render ineffective assistance of counsel by failing to object on this issue.

## B. Robinson's convictions for violating Mo. Rev. Stat. § 195.211 categorically qualified as "controlled substance offenses" under the sentencing guidelines

Robinson's convictions at issue were for violations of Mo. Rev. Stat. § 195.211. That statute provides:

> [i]t is unlawful for any person to distribute, deliver, manufacture, produce, or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Mo. Rev. Stat. § 195.211.1.3[3]

---

[3] A violation of this statute is generally a class B felony punishable by up to fifteen (15) years imprisonment. Mo. Rev. Stat. § 195.211.3. However, if the offense involves the distribution of not more than five grams of marijuana, it is considered a class C felony punishable by up to seven (7) years imprisonment. Mo. Rev. Stat. § 195.211.4.

This definition is consistent with the definition of a "controlled substance offense" under the sentencing guidelines, which includes:

> an offense … that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). There can be no dispute that a conviction for violating Mo. Rev. Stat. § 195.211 categorically qualifies as a "controlled substance offenses" as that term is defined in the sentencing guidelines. *See, e.g., United States v. Twiggs*, 678 F.3d 671 (8th Cir. 2012) (conviction for "possession with intent to distribute" pursuant to Mo. Rev. Stat. § 195.211 qualifies as a "controlled substance offense" under the sentencing guidelines); *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005) (finding that violations of Mo. Rev. Stat. § 195.211 qualified as a "serious drug offenses" for purposes of ACCA).

## C. The government was under no obligation to submit conviction records in the absence of an objection to the PSR

Robinson further complains that "the only evidence in the record establishing that his two prior 'controlled substance convictions' comes from his PSR, to which he did not object." Motion to Vacate, at p. 10. Robinson proceeds to assert that "a court is precluded from considering the summary of facts provided in the presentence investigation report in order to classify a defendant as a Career Offender." *Id*. Robinson is correct that facts contained in a PSR would be insufficient, standing alone, to establish that prior convictions qualified as Career Offender predicates. But, as Robinson concedes, he failed to object to the PSR. Because there were no objections to Robinson's classification as a

Career Offender, it was unnecessary for the government to introduce certified conviction documents into the record at the sentencing hearing. *See, e.g., United States v. Sykes*, 809 F.3d 435, 438 (8th Cir. 2016); *United States v. Stymiest*, 581 F.3d 759, 768 (8th Cir. 2009) (government need not introduce documentary evidence at sentencing hearing if defendant fails to object to factual statements in PSR establishing predicate convictions).

To the extent Robinson is now alleging that AFD Skrien was ineffective in failing to object to the PSR, the government, as noted, has attached the relevant records from the Circuit Court of Scott County to its response. These records clearly demonstrate that Robinson qualified as a Career Offender. Any objections made by AFD Skrien would certainly have been meritless.

### D. Evidence of prior convictions are not required to be submitted to a jury

Finally, Robinson contends that a jury was required to make a finding beyond a reasonable doubt that he had been convicted of the Career Offender predicate offenses. It is well-settled, however, that evidence of prior convictions need not be determined by a jury. *See, e.g., Descamps v. United States*, 133 S.Ct. 2276, 2288 (2013) ("other than the fact of a prior conviction, any fact that increases the penalty for a crime … must be submitted to a jury, and proved beyond a reasonable doubt.") (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *See also United States v. Thornton*, 766 F.3d 875, 879 (8th Cir. 2014) (recognizing that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury).

### CONCLUSION

The records and files in this case conclusively establish that Robinson is not entitled to relief. Therefore, Robinson's Motion will be denied without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Robinson has not made a substantial showing of the denial of a federal constitutional right.

Dated this 29th day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE